## Case No. 4,306.

### EGBERT v. LIPPMANN et al.

[15 Blatchf. 295; 14 O. G. 822; 3 Ban. & A. 468.] [1]

District Court, S. D. New York. Sept. 26, 1878. [2]

George Gifford, for plaintiff.
John B. Staples, for defendants.

BLATCHFORD, District Judge. The patent in this case was applied for in March, 1866. The answer sets up, as a defence, that, more than two years before such appli-

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, reprinted in 3 Ban. & A. 468, and here republished by permission.]

[2] [Affirmed in 104 U. S. 333.]

cation, the invention was known and in use in the United States. The bill alleges, that, at the time of the application, the invention had not been, for more than two years, in public use, with the consent or allowance of the patentee. The answer denies that, at the time of the application, the invention had not been, for more than two years, in public use. After the defendants had introduced evidence for the purpose of showing that the invention had been made by others before the patentee made it, the plaintiff introduced evidence showing that the patentee made the invention, a pair of corset steels, in the year 1855. At that time, he made a pair of steels, containing the invention patented, and gave them to a lady, who wore them. They lasted her a long time. He made another pair for her, early in 1858, which she wore a long time. She saw him at work on this pair. She knew, about 1863, of his making, at that time, another pair for another lady. The first two pairs of steels made were worn in several pairs of corsets, being ripped from one pair and put into other pairs. These first two pairs were made for a lady who, in 1863, became the wife of the patentee. After her marriage to him, and in 1863, she was wearing a pair of corsets with these steels, and she ripped them out, on one occasion, in that year and the patentee showed them to one Sturges, and explained to him how they were made.

The 7th section of the act of July 4, 1836 (5 Stat. 119), provided that a patent should be issued if it should not appear to the commissioner of patents that the invention had been in public use or on sale, with the applicant's consent or allowance, prior to his application for the patent. The 15th section of that act provided that, in a suit for infringement, the defendant should have judgment, if it should be proved that the thing patented had been in public use or on sale with the consent and allowance of the patentee, before his application for a patent. By the 7th section of the act of March 3, 1839 (5 Stat. 354), it was enacted; that every person who shall have purchased or constructed any newly invented machine, prior to the application by the inventor for a patent, shall be held to possess the right to use, and vend to others to be used, the specific machine so made or purchased, without liability therefor to the inventor, and that "no patent shall be held to be invalid by reason of such purchase, sale or use prior to the application for a patent, as aforesaid, except on proof of abandonment of such invention to the public, or that such purchase, sale or prior use has been for more than two years prior to such application for a patent." The patent in question was applied for and issued when the act of 1839 was in force. The effect of that act is, to require that an inventor shall not permit his invention to be used in public at a period earlier than two years prior to his application for a patent, under the penalty of having

his patent rendered void by such use. Consent and allowance by the inventor are not necessary to such invalidity. But, a fortiori, consent to a use in public, not followed by an application for a patent within two years afterwards, makes the patent, when granted, invalid. The policy introduced by the act of 1839 is continued in the act of July 8, 1870, and in the Revised Statutes. The 24th section of the act of 1870 (16 Stat. 201) provides, that a patent may be obtained for an invention, if it has not been in public use or on sale for more than two years prior to the application for such patent, unless it is proved to have been abandoned. This provision is embodied in section 4886 of the Revised Statutes. The 61st section of the act of 1870 (16 Stat. 208), now section 4920 of the Revised Statutes, provides, that it shall be a defence to a suit for the infringement of a patent, that the thing patented had been in public use or on sale in the United States for more than two years before the application for a patent, or had been abandoned to the public. The policy introduced by the act of 1839, and thus continued, is, that the inventor must apply for his patent within two years after his invention is in such a condition that he can apply for a patent for it, and that, if he does not apply within such time, but applies after the expiration of such time and obtains a patent, and it appears that his invention was in public use at a time more than two years earlier than the date of his application, his patent will be void, even though such public use was without his knowledge, consent or allowance, and even though he was in fact the original and first inventor of the thing patented and so in public use. Such public use for such length of time is made equivalent to absolute abandonment.

The use proved in this case was a sufficient public use or use in public, to invalidate the patent. It was not a use for experiment, or a use in private, or a private use. It was a practical use in public of the completed article. No secrecy was maintained or enjoined as to the article or its structure. The fact that the inventor, from time to time, declared that he intended to obtain a patent for the invention, and that his delay was caused by ill health, cannot operate to destroy the peremptory consequence imposed by the statute because of the lapse of time in connection with the public use. The bill must be dismissed, with costs.